## AMERICAN EMPLOYERS' INS. CO. v. JOHNSON.

### No. 8752.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1932.

Rehearing Denied March 23, 1932.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellant.

Phelps & Phelps, of Laredo, for appellee.

COBBS, J.

Appellee sued the American Employers' Insurance Company to recover $1,953.83, on a certain fidelity bond, alleging that while said indemnity bond was in full force and effect, by reason of certain acts on the part of Dionisio E. Ochoa, the bonded employee under said bond, appellee suffered a pecuniary loss in the sum of $1,953.83, interest thereon, and costs of suit. The case was tried without a jury and the court rendered judgment for said amount, interest, and costs. The appellant has appealed from said judgment to this court. The court filed its findings of fact, but refused appellant's request for additional findings.

Appellant has filed numerous assignments of error and in addition thereto filed his points upon which this appeal is predicated. The first point is that: "In order to recover against the surety company on said bond, the insured employer must prove the loss sustained to be by reason of said act or acts on the part of the bonded employee, and where, as in this case, the only proof adduced tends to show an alleged shortage without accounting for the cause of such alleged shortage, such proof is not sufficient to sustain a judgment against the surety company on its bond for the amount of such alleged shortage."

The allegations in the petition are:

"That on the 24th day of November, 1928, and ever since he has maintained a place of business in Laredo, Texas, and in that place of business has various employes; that among said employes, on November 24th, 1928, there was one Dionisio E. Ochoa, who was employed by plaintiff in the capacity of bookkeeper and cashier, and on the said 24th day of November, 1928, the defendant issued to the plaintiff in behalf of his employe, Dionisio E. Ochoa, its certain bond No. F B-25810 in the sum of Five Thousand and No/100 ($5,000.00) Dollars and in consideration of the premium then and there paid of the sum of Thirty-seven and fifty/100 ($37.50) Dollars, wherein and whereby, the said defendant agreed to reimburse plaintiff, the employer, for such pecuniary loss not exceeding five thousand and no/100 ($5000.00) Dollars, as the said employer shall have sustained of money or other personal property (including that for which the employer is responsible) by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on the part of Dionisio E. Ochoa, Laredo, Texas, (hereinafter called the employe) directly or

through connivance with others, committed by the employe in connection with the duties of any position to which he may be assigned by the employer during the term of this bond or of any renewal thereof; that said bond continued in full force and effect to the 21st day of November, 1929, when the said defendant issued its fidelity continuation certificate No. 23094, for the consideration of a premium of Thirty-seven and fifty/100 ($37.50) Dollars then and there paid by the plaintiff to the defendant and which continued in full force and effect the said fidelity bond of the said Dionisio E. Ochoa, bookkeeper and cashier, until noon the 21st day of November,.1930, and which original bond and the continuation thereof have heretofore been delivered by the defendant into the possession of the plaintiff.

"Plaintiff shows unto the Court that the said Dionisio E. Ochoa was employed by him in the capacity of bookkeeper and cashier and in that capacity it was his duty to keep the books of plaintiff correctly and to receive on behalf of plaintiff and account to him for all funds, including cash, coming into his hands belonging to plaintiff and such other funds, including cash, for which plaintiff was responsible.

"Plaintiff shows to the Court that some time previous to the 1st day of September, 1930, he discovered that his said employe, the said Dionisio E. Ochoa, was short in his accounts with plaintiff in the sum of One Thousand, nine hundred, fifty-three and 83/100 ($1,953.83) Dollars, and that said sum of money had been taken from him during a period of several months, beginning not earlier than the 1st day of July, 1929, and ending a short time previous to the 1st day of September, 1930, and while the fidelity bond of defendant herein declared upon was in full force and effect according to the terms thereof.

"Plaintiff alleges that during the time hereinbefore mentioned, the said Dionisio E. Ochoa, while acting in his capacity as bookkeeper and cashier, and as such in charge of the funds and cash of plaintiff (including funds and cash for which plaintiff was responsible) did take from the possession of plaintiff, without the knowledge and consent of plaintiff, the sum of One Thousand, nine hundred, fifty-three and 83/100 Dollars, and did take said funds and cash under such circumstances, including stealth, concealment and failure to render an accounting as to constitute and was such fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction and wilful misapplication on the part of his said employe as is contemplated by the fidelity bond issued by defendant to plaintiff and hereinbefore mentioned.

"Plaintiff alleges that as soon as he discovered the pecuniary loss occasioned to him by the acts of his employe, the said Dionisio E. Ochoa, he immediately called upon the said Ochoa for an accounting thereof, and the said Ochoa failing to account to plaintiff therefor or to repay such losses, he immediately notified the defendant of such pecuniary loss and at the request of the defendant, on or about September 6th, 1930, he executed and forwarded to the defendant Proof of Loss in connection therewith, but that to the date of the filing of this petition, the said defendant has failed and refused, and still fails and refuses, to pay to the plaintiff any part of the said sum of One Thousand, Nine Hundred, Fifty-three and 83/100 ($1,953.83) Dollars, for the payment of which sum the defendant is bound by reason of its bond duly made and delivered as hereinbefore set forth, and the pecuniary loss suffered by plaintiff by reason of the breach of fidelity committed by his said employe, Dionisio E. Ochoa, during the time when said bond was in full force and effect, to the plaintiff's damage.in the sum of $1,953.83."

Appellant filed special exceptions. The court overruled special exceptions Nos. 1 and 2, but sustained special exception No. 3, in part, and overruled it in part; the order of the court being as follows: "Special exception No. 3 be and it is sustained as to the allegation in paragraph 4 of plaintiff's said petition that the funds were taken 'under such circumstances, including stealth, concealment and failure to render accounting therefor,' the allegation being too general and not sufficient to apprise defendant of the circumstances which would be relied upon other than, 'theft, concealment and failure to render accounting therefor.' The Court having announced that the effect of the ruling would be to confine the proof to the specific allegation, consequently, plaintiff offered no amendment and the case proceeded to trial, all other points made by this special exception be and are hereby overruled, to which action of the Court defendant then and there in open Court excepted."

The pertinent terms of the bond are as follows:

"Amount                                        Premium
"$5000.        Bond No. F. B-25810        $37.50

"In consideration of a certain premium and of the statements and representations made by S. N. Johnson, Laredo, Texas (hereinafter called the Employer) the American Employers' Insurance Company (hereinafter called the Corporation) hereby agrees to reimburse the Employer for such pecuniary loss not exceeding Five Thousand and no/100 Dollars ($5000.00) as the Employer shall have sustained of money or other personal property (including that for which the Employer is responsible) by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on

the part of Dionisio E. Ochoa, Laredo, Texas, (hereinafter called the Employe) directly or through connivance with others, committed by the Employe in connection with the duties of any position to which he may be assigned by the Employer during the term of this bond or of any renewal thereof.

"The foregoing agreement is subject to the following conditions:

"1. The term of this bond begins on the 21st day of November, 1928, at noon, standard time, at the Employer's address hereinbefore stated, and ends on the 21st day of November, 1929, at noon, standard time, at the said address. In case this bond is renewed for one or more terms, the entire period for which the bond is in force shall be deemed the term of the bond.

"2. This bond may be continued from year to year so long as the Corporation and the Employer agree so to do, but the aggregate liability of the Corporation from the effective date of this bond or on account of any act or acts of the Employe, shall not exceed the amount for which the Employe shall have been specifically guaranteed at the time such act or acts shall have been committed.

"3. The Corporation shall not be liable hereunder for any default, the proceeds of which shall have been applied to the payment to the Employer of a pre-existing debt.

"4. This bond may be cancelled by the Corporation upon thirty days' notice to the Employer, or by the Employer upon notice in writing to the Corporation specifying the date of the termination. Thereupon the Corporation shall refund the unearned premium for the bond, if no claim has arisen thereunder.

"5. The Employer shall file with the Corporation any claim for which the Corporation is liable hereunder within fifteen months after the Employe shall have died or left the service of the Employer, or within fifteen months after the lapsing or cancellation of this bond from any cause whatsoever.

"6. The Employer shall notify the Corporation of any act of the Employe which would constitute a claim hereunder immediately or as soon as practicable after such act shall have come to the knowledge of the Employer. The Corporation shall be responsible hereunder only for any acts of the Employe up to the time of such notification, and if the Employer shall condone any fraudulent act of the Employe and continue him in service without notifying the Corporation, all losses subsequent to such condonation shall be irrevocable against the Corporation.

"7. Payment of claim under this bond shall be made within three calendar months after requisite proof shall have been afforded the corporation of the loss and of the validity of the claim made, such proof to include, if the Corporation shall so desire, an itemized statement of the claim, giving the dates when the losses occurred."

The bond also contained this recital of renewal: "In consideration of the sum of Thirty-seven and 50/100 Dollars ($37.50) Bond No. F. 12408, issued to S. N. Johnson, of Laredo, Texas, in the sum of Five Thousand and No/100 Dollars ($5000) on the fidelity of Dionisio E. Ochoa, Bookkeeper and Cashier is hereby continued in force from noon of the 21st day of November, 1929, to noon of the 21st day of November, 1930, subject to all the terms and conditions in the aforesaid bond."

Mr. Ochoa's duties were primarily these: To receive cash, to make the proper deposits of that cash in the bank, and to keep the general books of S. N. Johnson. His secondary duties were to answer the telephone if it rang and if Mr. Johnson happened to be preoccupied; he would wait on customers if Mr. Johnson was not there or if the other boy was not there.

John M. Ward, formerly agent of the defendant, and witness for plaintiff, testified: "We (Mr. Ochoa and Mr. Ward) discussed the case in a general way, as to what might be done to him—as to what we were going to do; I told him that I did not know, that the best thing he could do was to come clean and tell me all he got—how much money he got; and he told me that he was positive that he did not get more than Five of Six Hundred Dollars."

There was other testimony to the same effect. Mr. Ochoa admitted that he did not keep the books up to date and was behind three or four months.

There was much hearsay in the testimony, and counsel made many objections in limine to the same, but the court stated he would not pay any attention to the hearsay testimony; that he would let it all go in, but it had no probative force.

The court found as a matter of fact that: "During the period of time intervening between the 1st day of July, 1929, and the 21st day of July, 1930, the employee, Dionisio E. Ochoa, while acting as such bookkeeper and cashier, took without the knowledge of plaintiff, dishonestly and wrongfully, with the intention to steal the money, the sum of $1953.83, and during this period of time when the money was taken the plaintiff was insured against the loss by this fidelity insurance policy."

There is little merit in the defense. It is based largely upon a general denial. The appellee gave his employee every opportunity to go over his accounts and straighten them out, but the employee failed to do so. The courts universally hold that the dishonest acts must be proven by a preponderance of the evidence, but not as in criminal cases, beyond a reasonable doubt. The trial

court found that the money was taken dishonestly and with intent to steal it. This may be called a theft or an embezzlement, but whatever it may be called, it was covered by appellant's fidelity bond, which protected appellee. Hartford Accident & I. Co. v. Wichita Laundry Co. (Tex. Civ. App.) 23 S.W.(2d) 765; Fidelity & Deposit Co. v. Central State Bank (Tex. Civ. App.) 12 S.W.(2d) 611.

■ The phrase "including that for which the employer is responsible," expressed in the terms of the fidelity bond as protecting the employer against pecuniary loss by reason of the dishonesty, theft, embezzlement, etc., of an employee, makes the insurer liable for any funds so lost while in the care and keeping of the employer, although such funds are at a subsequent date to the loss intended to be delivered by the employer to a corporation theretofore organized, but not yet actively engaged in business in its own name.

The liability of the insurer for losses of appellee, by contract, covered not only appellee's money and other personal property, but included that for which he was responsible. The insurer was paid a consideration for this protection, and it was in contemplation of the insurer when the fidelity bond was issued that such losses might occur. The losses are alleged as the losses of S. N. Johnson, and not as losses of the corporation. To all intents and purposes it was Johnson's property that was stolen, embezzled, or otherwise dishonestly taken by Ochoa.

■ Plaintiff alleged in his petition: "That some time previous to the 1st day of September, 1930, he discovered that his said employe, the said Dionisio E. Ochoa, was short in his accounts with plaintiff in the sum of One Thousand, nine hundred, fifty-three and 83/100 ($1,953.83) Dollars, and that said sum of money had been taken from him during a period of several months, beginning not earlier than the 1st day of July, 1929, and ending a short time previous to the 1st day of September, 1930, and while the fidelity bond of defendant herein declared upon was in full force and effect according to the terms thereof."

It was impossible to stipulate the exact time of the abstractions and so the general allegation is sufficient. These other named acts are defined by Mr. Joyce in his treatise on insurance as being "generic terms to indicate the dishonest and fraudulent breach of any duty or obligation on the part of an employe to pay over to his employer, or to account to him, for any money, securities, or other personal property, the title to which is in the employer, that may in any manner come into the possession of the employe."

■ This shortage was established by the voluntary confession of the wrongdoer—not all, but a large part. It will be presumed under the circumstances of this case that Mr. Ochoa stole the balance, as there is no circumstance that points to another. The money was taken between the 1st day of July, 1929, and the 21st day of July, 1930.

The findings of fact are full and complete and are supported by the testimony. They fully support appellee's contentions.

The judgment is affirmed.